United States Courts
Southern District of Texas
FILED

MAY 19 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FENTON PETRY III, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No.  4:26 cv 4002 |
| | § | |
| CITY OF HOUSTON | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Fenton Petry III, Plaintiff herein, who respectfully files this Complaint, asserting claims against Defendant, City of Houston, alleging, and averring the following:

## PARTIES

1.

Plaintiff, Fenton Petry, (hereinafter "Petry"), is an African American male beyond the full age of majority, having the requisite mental capacity to bring this lawsuit, and presently residing and domiciled in Harris County, Texas.

2.

Made Defendant herein is the City of Houston (hereinafter "Defendant" or "the City"), a government body created pursuant to the laws of the State of Texas that maintains the Houston Fire Department ("HFD") which employs uniformed firefighters.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 based on the presence of a federal question, as Plaintiff's claims against Defendant arises under

1

Title VII of the Civil Rights Act of 1964, as amended, Civil Rights Act of 1886, as amended, 42 U.S.C. §1981 (1994), *et seq.*, and the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* ("ADA"). Further, the claims based on Texas state law are so closely related to claims raising federal questions that they form part of the same case or controversy, such that this Honorable Court has supplemental jurisdiction over said matters pursuant to 28 U.S.C. § 1367.

4.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Therefore, venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## **FACTUAL BACKGROUND**

*Petry's Condition*

5.

From September 1994 until January of 1997, Petry served his country as an active member of the United States Army, E-4 Specialist.

6.

Following the signing of the Dayton Peace Accords in November 1995, Petry was one of approximately 20,0000 American soldiers deployed to Bosnia-Herzegovina to enforce the Dayton Accords and maintain regional stability following the Bosnian War.

7.

After returning from Bosnia, on January 6, 1997, Petry completed his service and was honorably discharged from the US Army. However, when he returned to "life" as a civilian, Petry, like so many of America's service men and women, was not the same man that enlisted in 1994.

2

8.

Once a man who thrived on the camaraderie of friends and family, Petry, post discharge, was distant, reclusive, and sought refuge in long stretches of sleep.

9.

Except for his mother, everyone, including Petry, ignored the "change." Nevertheless, Petry's mom urged him to seek help for his "condition." Instead of taking her advice, Petry assured her that everything was ok.

10.

*Job Performance as Defendant's Employee*

A little over year after his honorable discharge, in June 1998, Petry accepted Defendant's offer of employment and was employed as a fireman with the Houston Fire Department.

8.

Petry, throughout his employment with Defendant, as illustrated by his annual performance evaluations, performed his job duties and consistently carried out his responsibilities in compliance with Defendant's policies and procedures. To that end, Petry advanced in rank and responsibility.

9.

He was hired as a fire fighter but eventually was promoted to the engineering operator ("EO") position. Pursuant to his performance evaluations, Petry either met or exceeded the Defendant's requirements for its employees.

10.

In fact in October 2001, Petry was the recipient of Defendant's Medal of Honor "[a]warded to a member who displayed a distinguished and uncommon personal bravery in the act of saving the life of another, in circumstances far beyond the normal limits of the profession."

3

11.

*Petry is Diagnosed with PTSD*

As demonstrated above, Petry managed to conceal his condition from his peers for years. However, as professional pressures mounted, he was finally forced to acknowledge his need for support.

12.

On three separate occasions, Petry was arrested for "driving while intoxicated." On each occasion, Petry was pulled over and detained by law enforcement for sleeping behind the wheel of his vehicle while stopped at a traffic signal.

13.

Following each arrest, Petry registered a blood-alcohol level well below the legal threshold; consequently, he was never charged or convicted of a DWI offense.

14.

However, on December 25, 2023, after his third arrest, Fenton heeded his mom's advice and sought support.

15.

In February 2024, Petry informed his superiors that he was suffering from a health condition that he needed to address.

16.

As a result, Defendant provided Petry with the necessary FMLA forms to be completed by himself and his physician.

17.

After completing the FMLA forms and submitting the forms to Defendant, Petry was

4

granted intermittent FMLA Leave.

18.

However, during this process, instead of collaborating with Petry to determine a reasonable accommodation, Defendant initiated its disciplinary policies to terminate Petry's employment.

19.

Petry complained to Defendant that he was being treated differently than all other non-African American fire fighters who had been arrested for DWI.

20.

Significantly, Defendant had a history of retaining similarly situated non-African American firefighters, despite their DWI arrests and subsequent convictions.

21.

Nevertheless, on May 6, 2024, Petry and his medical providers informed Defendant that Petry was suffering chronic PTSD resulting from his military service in Bosnia.

22.

In response to Petry's medically diagnosed condition, Defendant, on May 7, 2024, terminated Petry's employment.

23.

As a result of Defendant's unlawful conduct, Defendant is liable for damages including back and front pay; mental anguish, humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable damages; compensatory damages; prejudgment interest; attorney's fees and all cost of these proceedings.

24.

Plaintiff demands a trial by jury on all issues so triable herein.

**WHEREFORE**, Plaintiff, Fenton Petry, III, prays that Defendant, City of Houston, be duly cited and required to appear and answer Plaintiff's Complaint and Jury Demand and, after due proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Complaint and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Fenton Petry III
Missouri City, Texas
Phone: (832) 715-8383
Email: fentonpetryiii@gmail.com

6